Statement of Facts.

## D. R. McCORMICK v. HANNAH McELLIGOTT.

ERROR TO THE COURT OF COMMON PLEAS OF LANCASTER
COUNTY.

Argued May 24, 1889—Decided June 7, 1889.

(*a*) A testator, after giving all his estate to his wife for life and creating a trust as to $5,000 to take effect after her death in favor of his son for life, devised and bequeathed the "rest, residue and remainder" of his estate, after the death of his widow, to his "daughter Hannah, her heirs and assigns," but providing that in case his "said daughter Hannah, should die without child or children," his estate should be equally divided between his brother and sisters.

1. In such case, the words "should die without child or children," were intended to mean, die without child or children during the lifetime of the testator's widow, and the daughter, Hannah, upon the death of the widow, became seized of an indefeasible estate in fee simple in the property so devised to her.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 348 January Term 1889, Sup. Ct.; court below, No. 3 January Term 1889, C. P.

On December 8, 1888, a case stated was filed wherein Hannah McElligott was plaintiff, and D. R. McCormick was defendant. The facts presented were as follows:

Jeremiah McElligott, of the city of Lancaster, died on November 11, 1875, leaving to survive him a widow, Anna McElligott, and two children, Hannah McElligott, the plaintiff above named, and Thomas F. McElligott, and also a brother, Daniel McElligott, and two sisters, Honora McElroy and Mary Studdard, after having made his last will and testament, bearing date August 17, 1875, duly proven, wherein and whereby he devised and bequeathed, inter alia, as follows, to wit:

"First. I direct all my just debts and funeral expenses to be paid and satisfied by my executrix hereinafter named, as soon as conveniently may be after my decease.

"Item. I give, devise and bequeath unto my beloved wife

Anna, for and during her natural life, all my property, real, personal and mixed, of what nature and kind soever and wheresoever the same shall be at the time of my death.

" Item. After the death of my wife Anna, I give and bequeath unto my friend Daniel A. Altick, five thousand dollars in trust, the interest thereof annually to be paid to my son Thomas for and during his natural life.

" Item. After the death of my son Thomas, it is my will, and I direct the said sum of five thousand dollars to remain in the hands of said Daniel A. Altick until the child or children of Thomas shall arrive at the age of twenty-one years, when the same shall be equally divided among such child or children ; and in case the child or children of my said son Thomas shall die before arriving at the age of twenty-one years, then, and in that case, I order and direct that the said sum of five thousand dollars be paid to my daughter Hannah, or her heirs and assigns.

" Item. The rest, residue and remainder of my estate, real, personal and mixed, after the death of my said wife Anna, I give, devise and bequeath to my said daughter Hannah, her heirs and assigns.

" Item. In case my said daughter Hannah should die without child or children, then it is my will, and I order and direct that my estate be equally divided between my brother, Daniel McElligott, of the city of Lancaster, and my sisters, Honora McElroy, wife of Peter McElroy, of the city of Brooklyn, in the State of New York, and Mary Studdard, wife of John Studdard, of the city of St. Louis, in the State of Missouri, and their heirs and assigns, share and share alike."

Anna McElligott, the widow, died in the year 1882. The daughter, Hannah McElligott, on December 7, 1888, entered into articles of agreement with the said D. R. McCormick for the sale of a portion of the real estate, being a lot of ground situate on the east side of Water street (No. 47), in the city of Lancaster, . . . . . and in said articles the said Hannah McElligott did covenant and agree to make, execute and deliver to the said D. R. McCormick a good and sufficient deed for the proper conveying and assuring of the above-described premises, in fee simple, and free from all incumbrance.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

Opinion of Court below.

If the court be of opinion that the said Hannah McElligott is so seized of the above-described premises, as that she can convey an indefeasible title, in fee simple, in execution of said agreement to the said D. R. McCormick, his heirs and assigns, free and discharged of all trusts of any kind, then judgment to be entered for the plaintiff for the sum of nine hundred dollars, with stay of execution to April 1, 1889; but if not, then judgment to be entered for the defendant.

The costs of this suit in either event, it is agreed, shall follow the judgment, and both parties reserve the right to sue out a writ of error.

On January 19, 1889, the court, LIVINGSTON, P. J., filed an opinion wherein, after discussing the different provisions of the will, and citing and considering Smith's App., 23 Pa. 9; Manderson v. Lukens, 23 Pa. 31; Rewalt v. Ulrich, 23 Pa. 388; Letchworth's App., 30 Pa. 175; Burd v. Burd, 40 Pa. 182; Womrath v. McCormick, 51 Pa. 504; Fahrney v. Holsinger, 65 Pa. 388; Braden v. Cannon, 1 Gr. 60; Middleswarth v. Blackmore, 74 Pa. 414; Caldwell v. Skilton, 13 Pa. 152; Biddle's Est., 28 Pa. 59; Fulton v. Fulton, 2 Gr. 28; Mickley's App., 92 Pa. 514; Fitzwater's App., 94 Pa. 141; Lewin v. Killey, L. R. 13 App. C. 783, the court concluded:

In the will before us, Hannah McElligott was the daughter, the only daughter of the testator, and therefore, by nature, as well as first taker, the principal object of his bounty. He devises her an absolute estate, and to us it appears that he did not intend she should have a less or restricted estate in case she was living at the death of his wife, who had a life interest in it, the time when the devise to her would become operative. There is no unequivocal intent shown in the will, that he meant that she should take a less estate, but rather that there should be no restriction, for, on the happening of a certain contingency, he gives her absolutely the $5,000 set apart in trust for his son.

The law favoring an absolute, rather than a defeasible estate, a vested rather than a contingent estate, we are of opinion that the proper construction of the will before us is, that the testator meant and intended that his daughter Hannah should take and have an absolute estate in fee simple in the property

devised to her, provided she was living at the time of the decease of his wife, the first taker, to whom he had given a life interest therein. And, that having been alive at the death of the widow, the termination of the particular or life estate, she took and now holds an absolute estate in fee simple in the property devised to her, and, having and holding such absolute and indefeasible title, being so seized in the premises described in the contract or agreement made part of this case stated, she can convey the same in fee simple, free and discharged from all apparent trusts, or trusts contained in the will of the testator, or elsewhere.

And we, therefore, in pursuance of the requirements of the case stated, now enter judgment for the plaintiff for the sum of $900 with stay of execution until April 1, 1889.

The defendant thereupon took this writ, specifying that the court erred:

1. In deciding that Hannah McElligott took an absolute indefeasible estate in fee simple, under the will of her father.

2. In not deciding that there was an executory devise over, in case Hannah should die without child or children.

4. In entering judgment for the plaintiff on the case stated.

*Mr. Wm. R. Brinton*, for the plaintiff in error.

*Mr. Allee* and *Mr. Coyle*, for the defendant in error, were not heard.

PER CURIAM:

Notwithstanding the able and ingenious argument of the learned counsel for plaintiff in error, we are not convinced that the will of Jeremiah McElligott was erroneously construed by the court below.

After giving all his estate, real, personal and mixed, to his wife for life, and creating a trust, as to $5,000, to take effect at her death, in favor of his son Thomas, for life, etc., the testator devised and bequeathed " the rest, residue and remainder" of his estate remaining after the death of his widow to his " daughter Hannah, her heirs and assigns." In the next clause of the will, he orders and directs, in case his " said daughter

Hannah should die without child or children," that his estate be equally divided between his brother and sisters. The devisee, Hannah McElligott, having come into possession of the residuary estate after the death of her mother, contracted to sell and convey a portion thereof in fee to defendant below. She accordingly executed and tendered him a deed, in due form, for the lot referred to in the case stated, but he refused to accept it and pay the consideration money, on the ground that under the provisions of the will she was not seized of an indefeasible estate of inheritance and was therefore unable to convey such title as he had a right to demand. The learned judge of the Common Pleas, however, held that the testator intended to give his daughter Hannah an absolute estate in fee simple in the property devised to her, provided she survived her mother, to whom he had given a life estate therein; that being so seized of an indefeasible estate, her deed to defendant below, would, under the facts embodied in the case stated, give him a good title in fee, clear of all incumbrances; and he therefore entered judgment, on the case stated, in her favor. In this we think he was clearly right, for reasons given at length in his opinion sent up with the record. The words "should die without child or children," were evidently intended to mean, die without child or children during the lifetime of testator's widow. This construction accords with the weight of authority. Neither of the specifications of error is sustained.

Judgment affirmed.

