## HARRY B. KING v. JOHN J. FRICK.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF YORK COUNTY.

Argued May 21, 1890—Decided June 2, 1890.

Where there is an absolute devise, followed by a proviso that if the devisee
" should die without children, grandchildren or wife living," then over,
the words quoted, in the absence of a contrary intent shown in the will,
refer to the death of the devisee during the lifetime of the testator, and
the devisee takes an unrestricted estate in fee: Mickley's App., 92 Pa.
514.

| 135 | 575 |
| 156 | 200 |
| 135 | 575 |
| 161 | 434 |
| 135 | 575 |
| 178 | 434 |
| 135 | 575 |
| 188 | 319 |
| 135 | 575 |
| 19 SC | 144 |
| 135 | 575 |
| 27 SC | 361 |
| f 27 SC | 432 |
| 135 | 575 |
| f 34 SC | 217 |
| 34 SC | 218 |

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
McCOLLUM, JJ.

No. 387 January Term 1890, Sup. Ct.; court below, No. 46
August Term 1889, C. P.

On June 3, 1889, a case stated was filed wherein Harry B.
King was plaintiff and John J. Frick was defendant, to de-
termine whether the plaintiff under the will of his father,
E. A. King, deceased, dated February 7, 1877, and duly admit-
ted to probate on May 14, 1877, had a marketable title to
certain lands devised to him in said will, which lands he had
covenanted to convey to the defendant.

The disposing provisions of said will were as follows:

" I order and direct that my beloved wife Arabella King and
my son Harry B. King shall have, possess, own and manage and
control all my real estate, as well as personal and mixed, the
same as I did while living, until my said son shall arrive at the
age of twenty-one years, or until such time thereafter as they
shall mutually agree upon; and during all this time so much
of the rents, issues and profits of my real, personal and mixed
estate, as shall be necessary, shall be appropriated to their joint
support and maintenance; and the balance thereof, if any,
shall be securely invested until my son shall arrive at the age
of twenty-one years, or until such time thereafter as they may
choose to cease to jointly manage and control my estate as
aforesaid, and then the said balance, if any, with accrued inter-

est, shall be paid to my son absolutely; and upon the arrival of my son at the age of twenty-one years, or at such time thereafter as my son and said wife may agree to cease to manage and control my estate as aforesaid, in such event or events, I give, bequeath and devise unto my said wife, during her life, all that certain house in which I now reside, with all the furniture therein, and also all the rents, issues, and profits of the lot adjoining said house, being situated on North George street in said borough of York, adjoining property of Emerson Case on the south, and Daniel R. King on the north; and after the death of said wife, said house and lot and furniture I give, devise and bequeath unto my said son in fee-simple.

"I also bequeath to my wife during her life an annual income of eight hundred dollars to be paid in semi-annual payments of four hundred dollars each, the first payment to be made six months after my decease, which income shall accrue and be paid out of my estate other than the house, lot and furniture aforesaid; and the said payment of income in six months after my decease shall not then take effect if my son and wife shall then jointly control and manage my estate as aforesaid, but shall only begin and take effect when the life estate of my wife in the house, lot and furniture shall commence and take effect as aforesaid.

"I also bequeath unto my said wife ten shares of Reading Railroad stock absolutely.

"With the exception of the house, lot and furniture aforesaid, my said wife and son, the executors herein, upon mutual agreement, are hereby authorized and empowered to convert and sell any of my estate real or personal. All my estate real, personal or mixed, not bequeathed or devised to my said wife as aforesaid, I give, devise and bequeath to my said son Harry B. King, and to his heirs and assigns forever, subject to the events and conditions aforesaid. If my said son should die without children, grandchildren or wife living, then his portion of his estate under this will, and any increase thereof, I bequeath and devise as follows: one half thereof to my wife in fee and absolutely, and the remaining half to the next of my kindred in fee and absolutely.

"Lastly, I nominate and appoint . . . . ."

The case stated set forth that Arabella King the widow of

Opinion of the Court.

the testator had died in 1883, and that the plaintiff, Harry B. King, was now over twenty-one years of age and unmarried.

After argument, the court, LATIMER, J., citing Mickley's App., 92 Pa. 514, ruled that the plaintiff's title was a fee-simple estate, and entered judgment for the plaintiff in accordance with the terms of the case stated. Thereupon, the defendant took this appeal, assigning the entry of said judgment for error.

*Mr. Smyser Williams* (with him *Mr. R. E. Cochran*), for the appellant.

Counsel cited: Newbold v. Boone, 52 Pa. 167; Snively v. Stover, 78 Pa. 489; Stickle's App., 26 Pa. 234; Urich v. Merkel, 81 Pa. 332; Urich's App., 86 Pa. 386; Haldeman v. Haldeman, 40 Pa. 34; Middleswarth v. Blackmore, 74 Pa. 419; Livezey's App., 106 Pa. 205; Deihl v. King, 6 S. & R. 32; Finney's App., 113 Pa. 18; Burd v. Burd, 40 Pa. 182; Still v. Spear, 45 Pa. 170; Bedford's App., 40 Pa. 18; Shreiner's App., 53 Pa. 106.

*Mr. A. C. Fulton*, for the appellee.

Counsel cited: Caldwell v. Skilton, 13 Pa. 152; Biddle's Est., 28 Pa. 59; Fulton v. Fulton, 2 Gr. 28; Fahrney v. Holsinger, 65 Pa. 388; Mickley's App., 92 Pa. 514; Fitzwater's App., 94 Pa. 141; Smith's App., 23 Pa. 9; Letchworth's App., 30 Pa. 175; Karker's App., 60 Pa. 141.

PER CURIAM:

We think the court below correctly held that the plaintiff, Harry B. King, took a fee in the real estate devised to him by E. A. King, his father. The language of said will, over which the present contention arises, is as follows:

"All my estate, real, personal and mixed, not bequeathed or devised to my said wife as aforesaid, I give, devise, and bequeath to my said son Harry B. King, and to his heirs and assigns, forever, subject to the events and conditions aforesaid. If my said son should die without children, grandchildren or wife living, then his portion of his estate under this will, and any increase thereof, I bequeath and devise as follows: One half thereof to my wife in fee and absolutely, and the remaining half to the next of my kindred in fee and absolutely."

We think it plain, under the authorities, that the words, " die without children, grandchildren or wife living," refer to the death of his son during the lifetime of the testator.   As was said by Justice SHARSWOOD in Mickley's App., 92 Pa. 514: " The first taker is always the first object of the testator's bounty; and his absolute estate is not to be cut down to an estate for life, or, what is practically the same thing, to be subjected to an executory gift over, upon the occurrence of the contingency of death, or death without issue, at any future period within the rule against perpetuities, without clear evidence of such an intent;" citing a number of authorities.   No such intent appears upon the face of this will.   On the contrary, we think the intent of the testator is clear that, if his son survived him, he should take a fee.

Judgment affirmed.

