## Hoff's Estate. Hoff's Appeal.

*Indefinite failure of issue—Rule of Eichelberger v. Barnitz.*

A testator provided: " And in case either of my daughters shall die without issue, either before or after the decease of my wife, then the amount of their share or shares in the residue of the estate shall revert back to the remainder of my children, share and share alike; my said sons . . . . and my daughter . . . . are to hold in trust the share or shares that such of my daughters as may be without issue before or after the death of my wife may be entitled to, and invest their legacies in bonds, and pay to them the interest thereon semiannually; "

*Held,* on the authority of Eichelberger v. Barnitz, 9 Watts, 447, and the line of cases following that decision, that the words " shall die without issue " must be construed to mean an indefinite failure of issue, and hence that the legatee took an absolute estate in fee.

Argued March 1, 1892. Appeal, No. 89, Jan. T., 1892, by George B. Hoff, from decree of O. C. Berks Co., April T., 1891, No. 83, awarding to Susan C. Johnson her share of the estate of her father, John Hoff, deceased, free of all trusts. Before STERRETT, GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

The issue for the decision of the court was raised by a petition of the executors of the estate of John Hoff, deceased, setting forth the terms of testator's will and asking that they be discharged and a new trustee appointed, under the terms of the will, for Mrs. Johnson; and a petition by Mrs. Johnson denying that any valid trust was created by the will, and praying that the trust property be paid over to her absolutely.

The opinion of the court, ALBRIGHT, P. J., specially presiding, which states the facts, was as follows:

" John Hoff made his last will on February 24, 1875. The date of his death does not appear in this proceeding, but he died within a few weeks after said date, as the will was proved on March 19, 1875.

" He left a widow (who died on July 3, 1890), two sons and five daughters, all of whom are still living.

" The first material provision of the will is a gift of all the testator's estate, real and personal, to his wife Susan, 'subject, however, to the following devises and the payment of the following bequests;' then is mentioned a devise of a certain bank building to the two sons Henry and George, and a bequest of five thousand dollars to each of the five daughters, to be paid within a year after testator's decease, (their names are mentioned; one is Susan C., the wife of Mr. Smith,) and in two years after his decease, or sooner if convenient to the executors, the sum of five thousand dollars to each of said children, including said sons, these bequests to be paid in bonds which the executors were directed to purchase. Next the testator declares: ' And in case either of my daughters shall die without issue, either before or after the decease of my wife, then the amount of their share or shares in the residue of the estate shall revert back to the remainder of my children, share and share alike; my said sons Henry A., George B., and my daughter Mary Ann are to hold in trust the share or shares that such of my daughters as may be without issue before or after the death of my wife may be entitled to, and invest their legacies in bonds, and pay to them the interest thereon semi-annually.' Next the executors are authorized to sell real estate during the widow's lifetime, if they find it to the interest of the estate to do so, and to invest the proceeds in bonds for the benefit of the testator's estate. Finally, said Henry, George and Mary Ann are appointed executors, and he also appoints ' said executors as trustees of the estate bequeathed to my wife. they to take under their care and management during her lifetime, and furnish to her all the means out of her income that she may require, the balance to be invested for the benefit of the estate, and after her death the residue of the estate is to be divided share and share alike amongst those of my heirs that are then living, in manner as herein directed.'

" It seems the estate left by the testator consisted of about $127,000 of personalty, and realty worth about $43,000 (exclusive of what was devised to the sons). The real estate remained undisposed of until after the widow's decease, when all the parties concerned joined in a conveyance thereof. The one

seventh of the proceeds are in the account of the trustees of Susan C. Johnson, who was formerly Mrs. Smith.

" It appears that the executors settled finally the estate of the testator, and paid over to all the children except Mrs. Susan C. Johnson. At the date of the will all the daughters were married women, and all had issue living except two, Susan being one. At the time of the decease of the widow all the daughters except Susan had children living. As remarked, at the date of the will Susan was the wife of Mr. Smith. She was divorced the year following. She married Mr. Johnson in 1881 and is his wife now. She is now, and has been ever since the date of the will, without issue. She is fifty-one years of age. Said trustees petitioned to be discharged from said trust for Susan Johnson ; all concerned desire that the Reading Trust Company be appointed trustee, if it is found that there is a trust to be maintained, Mrs. Susan Johnson contending that she is entitled to the whole estate embraced in the account, absolutely. On June 27, 1891, this court discharged said trustees, provided they should account and pay and deliver to the parties entitled, their successors or Susan C. Johnson, the money and property in their hands.

" The testator intended that soon after his decease a designated portion of his estate should go to his children, and another portion vest in his widow, or remain for her benefit. This last named portion he termed the ' residue.' It was testator's intention that whatever remained of his estate after his widow's decease, including unexpended income, should go to his children, subject to the provision regarding issue above quoted. (The trustees now account for $10,000 and one seventh of said residue ; Susan received the interest all along.)

" The only question presented is to whom the trustees shall deliver what they hold, to Susan C. Johnson or to a new trustee. All other questions, such as whether the widow had a right to appropriate or consume the whole residue ; whether the other daughters who have issue but may die without issue rightfully have possession of shares, are immaterial.

" In the first place Susan was entitled to the $10,000 at the hands of the executors during her mother's lifetime ; she is entitled to it now.

" The provisions of the will concerning the dying without

issue, and the holding in trust, do not apply to it.   The testator did not intend to restrict the enjoyment by any of his daughters of the $10,000.   When the testator declared that all his estate should go to his widow, subject to certain specified devises and bequests, he meant that she should have all, except the real estate specially devised to the sons, and the sums directed to be paid to each of the children.   The will is to be read as if there was first given to the sons the bank building, and $5,000 to each of them, and $10,000 to each of the daughters, and then what remained of the estate to the widow, and the provision regarding the enjoyment by the widow, and the disposition after her decease, found at the end of the will, is to be taken as coming next, and after that the provision about the daughters dying without issue.

" Such transposition of the order of bequests is to be made where thereby the real intention of the testator is rendered more clear : Fox's Ap., 11 W. N. C. 236; Merkel's Ap., 109 Pa. 235.

" It is said that the trustees shall hold the shares and invest the legacies of the beneficiaries, but that is not an independent provision ; it is but a clause of the sentence employed to express testator's meaning regarding his daughters having issue.   All that is written about the daughters having issue, above quoted, is to be taken together as expressive of testator's thought on that point.   The limitation is confined to the daughters' shares in the 'residue of the estate,'—that is the expression in the clause now under consideration.   'After her death the residue of the estate is to be divided,' is found in another part of the will.

" Shall the fund and securities beyond the $10,000 be decreed to Susan Johnson ?

" The first clause of the provision relative to the daughters and their issue mentions the contingency of their ' dying without issue, either before or after the decease of my wife ; ' the next clause speaks of the shares of such of the daughters ' as may be without issue before or after the decease of my wife.' It was suggested in the argument that those daughters who had a child or children when testator died had vested in them a share absolutely at once, and as to any one of those who had no children then, but had one born to her afterwards, upon

such birth a share vested in her, and that the trust existed
only as to such as had no child at any time after testator's de-
cease. It is claimed that this results from said provision, 'be
without issue.' It seems that all concerned acted on that
theory, and consequently all the daughters except Susan C.
Johnson have received their shares absolutely. It is not per-
tinent to the present· controversy to discuss whether that theory
is correct, except so far as it affects the share of Susan C.
Johnson in the hands of the executors and trustees.

" The court is of the opinion that the intention was that the
one seventh of such residue should not go to a surviving
husband, or be disposable by the will of a daughter; that if
she left issue such issue was to have it, and if she died without
descendants testator's other issue should possess such share.
In other words, that the plain language in the first clause of
said sentence expresses testator's meaning.

" What then is the estate of Susan C. Johnson in the fund
affected by this provision ?

" The words in question mean an indefinite failure of issue :
Eichelberger v. Barnitz, 9 W. 447; Vaughan v. Dickes, 20 Pa.
509.

" If a devise be made to one in fee, and if he die without
issue, or on failure of issue, or for want of issue, or without
having issue, then over to another in fee, the estate of the first
taker is a fee tail, which if he have issue passes to them ad
infinitum by a descent as tenants in tail. The estate vests in
the first taker fully as a fee tail, and any devise over must be
bad as an executory devise : Eichelberger v. Barnitz, supra.

" A devise of real and personal property to testator's children
in equal shares, with a provision that in case of the death of
any of them without issue, his or her share shall be equally
divided among the survivors, passes an estate tail in the land
to the first taker, and the personal estate absolutely : Amelia
Smith's Ap., 23 Pa. 9.

" In Potts' Ap., 30 Pa. 168, the testator gave his estate, real
and personal, to a trustee to pay one fifth of the income to each
of his sisters and the children of a deceased sister, and upon
the decease of any sister or niece without issue (if with issue,
such issue to inherit their shares) such portion to be for the
use of the other sisters and children in equal parts in fee; it

was held that the devisees took an estate tail in the real property, and the personal estate absolutely. (The fact that the issue, if there was any, was to take, did not affect the legal aspect of the case, for, as has been shown, in a devise of this character the issue of the first devisee, although not named, take by descent:) Eichelberger v. Barnitz, supra. To the same effect is Biddle's Ap., 69 Pa. 190. It was said there that though an estate for life may be limited in chattels with a remainder to others, yet there can be no limitation of chattels in fee or in tail; the estate in the realty if entailed may be barred· by deed, and the estate in the personalty becomes absolutely· vested in the first taker.

" The estates in both the cases last named vested before the act of April 27, 1855, which declares that a gift, conveyance or devise of an estate in fee tail shall be taken to be in fee· simple.

" In Mallock v. Roberts, 51 Pa. 148, a testator (whose will· was proved in 1841) had devised his land to his two sons, and added this clause :—' and in the case of the death of either of my children unmarried or without issue, then I do order that the share of said child or children so dying may be divided equally among my surviving daughters or their heirs.' He left four daughters. After testator's decease, the land was sold by the sheriff on a debt owing by testator. The question was as to who was entitled to a fund representing the share of one of the devisees not required to pay debts. It was held that it was· properly paid to such devisee ; that he had an estate tail; that he had a right to bar the entail, and cut off the contingent interests; that the conveyance by the judicial sale did for him what he might have done by deed.

" The principles controlling the cases cited were recognized in Lawrence v. Lawrence, 105 Pa. 335, and in Hackney v. Tracy, 137 Pa. 53.

" I am of the opinion that Susan C. Johnson is entitled to the funds and securities derived from what is herein treated as the residue of the estate, absolutely. I think the cases cited admit no other conclusion, and that further argument is superfluous. It is hardly worth while determining whether the will operates to convert the realty, or whether the rules applicable to devises of land are to govern as to part of the property. If

it be treated as land in part, then Susan C. Johnson was tenant in tail as to it, and said act of 1855 enlarged that estate into a fee simple.

" That trustees were named, and they directed to hold the shares of those who had not issue, does not affect the rules of law applicable. The trust cannot be sustained. If it ever was sustainable as to Susan C. Johnson, it was on the ground solely that she was a married woman. She became discovert in 1876 by the decree of divorce. A trust for coverture merely fails upon the death of the husband of the cestui que trust: Kuntzleman's Est., 136 Pa. 142. A dissolution of the marriage by divorce has the same effect as if by decease of the husband, so far as the capacity of the wife to hold property is concerned.

" By a statement filed at the argument by accountants' counsel, it appears that in addition to the balance in the account the trustees have $18 excess of receipts over expenditures since the filing of the trustees' account. Accountants state that they claim no compensation. Their counsel suggests that he be allowed $100 for his services to the trustees. The court deems this a very moderate demand, and that counsel is entitled to it. There is owing to Register Strunk for filing this and a former account, and in proceedings thereon, $24.50.

" [October 12, 1891, it is decreed that Henry A. and George B. Hoff, and Mary A. Millholland, executors and trustees under the will of John Hoff, deceased, have in hand money and securities belonging to Susan C. Johnson amounting to $26,179.22, as is shown by the credit side of their account filed June 27, 1891, and the sum of $18 additional; that they pay G. B. Stevens, Esq., $100, and Register Strunk $24.50, and that they pay and transfer, and deliver to Susan C. Johnson the money, securities and property in their hands as aforesaid, after deducting said $24.50.] [1]

" Since the writing of the foregoing opinion, it has been shown that said John Hoff died on March 14, 1875."

George B. Hoff appealed.

*Errors assigned*, were (1) the decree entered, quoting it; (2–8) decreeing that the executors had in their hands securities, etc., belonging to Mrs. Johnson; not decreeing that said executors pay over to the Reading Trust Co., as substituted trustee, the funds set apart for Mrs. Johnson.

*Louis Richards*, for appellant.

*Isaac Hiester*, for appellee.

PER CURIAM, March 21, 1892.

All the facts necessary to a proper understanding of this case are sufficiently presented in the clear and satisfactory opinion of the learned president of the 31st judicial district, who specially presided at the hearing. The main contention was as to the construction of the following clause in the fourth item of the will of John Hoff, deceased : " And in case either of my daughters shall die without issue, either before or after' the decease of my wife, then the amount of their share or shares in the residue of the estate shall revert back to the remainder of my children, share and share alike ; my said sons, Henry A., George B., and my daughter, Mary Ann, are to hold in trust the share or shares that such of my daughters as may be without issue, before or after the death of my wife, may be entitled to, and invest their legacies in bonds, and pay to them the interest thereon semi-annually."

The learned judge rightly held, on the authority of Eichelberger v. Barnitz, and that line of cases, that the words "shall die without issue " must be construed to mean an indefinite failure of issue, and hence the trust in favor of testator's daughter, Mrs. Susan C. Johnson, cannot be sustained.

Further elaboration is unnecessary. All that can be profitably said on the controlling questions in the case is contained in the opinion above referred to ; on that opinion the decree is affirmed.

Decree affirmed, and appeal dismissed, with costs to be paid by appellant.