# Galbraith *v.* Swisher, Appellant.

*Will—Fee simple estate—Dying without issue in lifetime of testator.*

If a bequest be made to a person absolute in the first instance, and it is provided that in the event of death or death without issue another legatee or legatees shall be substituted to the share or legacy thus given, it shall be construed to mean death or death without issue before the testator.

Testator directed as follows: "I give, bequeath and devise unto my beloved son, all my real estate and all my personal estate which has not been heretofore disposed of, to him, his heirs and assigns forever, provided, however, that should my son die," the estate shall pass to his issue, or failing issue, to his mother, or his mother being dead, to persons named. *Held,* that the son surviving his father took an estate in fee under the will.

Submitted Nov. 11, 1901. Appeal, No. 237, Oct. T., 1901, by defendant, from judgment of C. P. Lancaster Co., Sept. T., 1901, No. 33, on case stated in case of John J. Galbraith v. Simeon W. Swisher. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated to determine title to real estate.

The court entered judgment for plaintiff on case stated.

*Error assigned* was in entering judgment for plaintiff on case stated.

*B. Frank Kready* and *W. C. Rehm*, for appellant.

*W. U. Hensel* and *A. G. Dickson*, for appellee, filed no paperbook.

OPINION BY WILLIAM W. PORTER, J., January 21, 1902:

The will of William N. Galbraith provides, inter alia, "I give, bequeath and devise unto my beloved son, John J. Galbraith, all my real estate and all my personal estate which has not been heretofore disposed of, to him, his heirs and assigns forever, provided, however, that should my son die," the estate shall pass to his issue, or failing issue, to his mother, or his mother being dead, to persons named.

" It is very clearly settled both in England and in this state that if a bequest be made to a person, absolute in the first instance, and it is provided that in the event of death or death without issue, another legatee or legatees shall be substituted to the share or legacy thus given, it shall be construed to mean death or death without issue before the testator: " SHARS-WOOD, C. J., in Mickley's Appeal, 92 Pa. 517. See also Fitz-water's Appeal, 94 Pa. 141, and King v. Frick, 135 Pa. 575. This doctrine is direct in application to the language of the will quoted, there being nothing in the will which evinces an intent preventing such application. John J. Galbraith, therefore, having survived his father and taking by the will an estate in fee in the property intended to be conveyed, judgment was properly entered for the plaintiff under the terms of the case stated.

Judgment affirmed.