# Daniels's Estate.

*Will—Die without issue—Defeasible estate.*

Testator gave the residue of his estate to his daughter "for her benefit forever." By a subsequent clause he directed that if the daughter "shall die before or after attaining the age of twenty-one years without issue," then over. He also in his will desired and requested his daughter to select and have appointed as her guardian a particular person named. The will was made when the daughter was about sixteen years of age and subsequent to the Act of July 9, 1897, P. L. 213. At the time the will was made the testator was interested in the erection of certain buildings on his lands, and these he directed his executor to complete. *Held,* that the daughter took an estate defeasible upon her death at any period of her life without issue.

In such a case the provisions of the will disclose a manifest intent of the testator not to limit the meaning of the words "die without issue" to death of the daughter in his own lifetime.

Argued Oct. 17, 1904. Appeal, No. 36, Oct. T., 1904, by Mary B. Daniels, from decree of O. C. Franklin Co., discharging rule for citation in Estate of Henry Daniels, deceased. Before RICE, P. J., SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule on executor to compel him to pay over moneys to petitioner without requiring her to enter security.

The court, in an opinion by STERRETT, P. J., discharged the rule.

*Error assigned* was the decree of the court.

*W. K. Sharpe*, of *Sharpe & Elder*, for appellant.—The law leans in favor of an absolute, rather than a defeasible, estate, of the first taker, rather than the second one, as the object of testator's bounty: Smith's Appeal, 23 Pa. 9; Passmore's Appeal, 23 Pa. 381; Rewalt v. Ulrich, 23 Pa. 388; Womrath v. McCormick, 51 Pa. 504; Fahrney v. Holsinger, 65 Pa. 388; Jackson's Estate, 179 Pa. 77.

The law leans against a construction which converts a fee simple into a life estate, or a fee tail by implication, or that seems to give a life estate or estate tail in personalty: Fulton v. Fulton, 2 Grant, 28.

*D. Edgar Rice*, with him *Samuel F. Huber* and *John D. Rice*, for appellees, cited: Jessup v. Smuck, 16 Pa. 327; Sheets's Est., 52 Pa. 257; Middleswarth v. Blackmore, 74 Pa. 414; Toman v. Dunlop, 18 Pa. 72; Miller's Estate, 145 Pa. 561; Criley v. Chamberlain, 30 Pa. 161; Snyder's Appeal, 95 Pa. 174.

OPINION BY PORTER, J., March 14, 1905:

The determination of the question involved in this case is entirely dependent upon whether the appellant took an absolute or a defeasible estate in the personal property which passed under the will of the decedent. The testator, after providing for the payment of certain specific legacies and the expenses in connection with the erection of certain buildings and of his debts out of the personal property, used the following language in disposing of the residue: "The remainder of whatsoever kind, real, personal or mixed, not herein disposed of, I give and bequeath to my daughter, Mary B. Daniels, for her own benefit forever. Further I desire and request that my daughter, Mary B. Daniels, select and have appointed as her guardian Cassius Duffield. . . . And if my said daughter, Mary B. Daniels, shall die before or after attaining the age of twenty-one years without issue, then I give and bequeath the

whole of my estate herein bequeathed to my said daughter, Mary B. Daniels, as follows;" then follows a limitation over to certain persons and charities. The learned judge of the court below held that the estate of the appellant in the personal property was subject to be defeated by her death without issue, and from that ruling we have this appeal.

The contention of the appellant cannot be sustained upon the theory that the will contemplated an indefinite failure of issue, thus vesting in the first taker an estate tail, which by the Act of April 27, 1855, P. L. 368, was converted into an estate in fee simple. There is nothing in the will which can be held to indicate that it was the actual intention of the testator to make the devise over contingent upon an indefinite failure of lineal descendants of the first taker, and the mere use in the will of the technical words " die without issue " is the only basis upon which it ever could have been contended that an estate tail arose by implication. The will was executed November 9, 1897, and is subject to the provisions of the Act of July 9, 1897, P. L. 213. There is nothing in the instrument which would warrant us in holding that in the use of the words " die without issue," the actual intention of the testator was that the words should have a meaning contrary to or different from that construction which the statute requires shall be put upon them, in the absence of such contrary intention upon the part of the testator. The words are therefore to be construed as meaning " a want or failure of issue in the lifetime or at the death," of Mary B. Daniels, " and not an indefinite failure of her issue."

It is contended, however, that although the will contemplated a definite failure of issue, as the bequest to the appellant was absolute in the first instance, the provision that in the event of her death without issue other legatees should be substituted, must be construed to mean death without issue during the lifetime of the testator. The general rule undoubtedly is that: " if a bequest be made to a person, absolute in the first instance, and it is provided that in the event of death or death without issue, another legatee or legatees shall be substituted to the share or legacy thus given, it shall be construed to mean death or death without issue before the testator;" there being nothing in the will which evinces a different intention upon the part of the

testator: Galbraith v. Swisher, 19 Pa. Superior Ct. 143; Mickley's Appeal, 92 Pa. 514; Fitzwater's Appeal, 94 Pa. 141; King v. Frick, 135 Pa. 575; Hoff's Estate, 147 Pa. 636; Jackson's Estate, 179 Pa. 77. " Where there is nothing to indicate an adverse intent, additional limitations, dependent on no other contingency than is implied from the language 'if any of them die,' or 'in case of death,' cannot be referred to the event of death whenever it may happen (which would give a forced signification to such words); but must be construed as referring to death, in association with some additional circumstance, which makes it actually contingent. That circumstance, it is said, is naturally in regard to the time of its happening, and that time where the gift is immediate is necessarily the death of the testator, there being no other period to which the death can be referred. But as a testator is not supposed to anticipate himself surviving the object of his bounty, this construction is only made from necessity, and gives way where the contingency of the death of the first beneficiaries may be referred to some other time:" Caldwell v. Skilton, 13 Pa. 152. This construction is only made ex necessitate rei, from the absence of any other period to which the words may be referred. The rule is not to be applied where the will clearly indicates an adverse intent, and the intention of the testator is to be gathered from all the provisions of his will: Jessup v. Smuck, 16 Pa. 327; Sheets's Estate, 52 Pa. 257; Mitchell v. Pittsburg, etc., Railway Co., 165 Pa. 645; Middleswarth's Admr. v. Blackmore, 74 Pa. 414; Snyder's Appeal, 95 Pa. 174.

The testator died on February 18, 1898, three months after the will was executed. Mary B. Daniels was at the date of the execution of the will less than sixteen years of age; she attained full age on May 13, 1903. The testator was at the date of the execution of his will interested in the erection of certain buildings upon his lands, which he directed his executor to complete. In immediate connection with the bequest of the personal property to the appellant he expresses a desire and request that she " select and have appointed as her guardian Cassius Duffield." This clearly indicates that it was the expectation, or that it at least was in the contemplation of the testator that the will might take effect before the appellant had attained her majority. Immediately following this comes

the limitation over to other legatees, " if my said daughter, Mary B. Daniels, shall die before or after attaining the age of twenty-one years without issue." Having suggested to his daughter the person whom he desires that she shall select as her guardian, during her minority, he directly in connection with that request incorporates in his will the provision that the property shall go to others in the event of his daughter dying without issue, whether during her minority or after she shall attain full age. " In the cases which limit the death to the testator's lifetime, it is admitted that it is adopted from necessity, in aid of what was considered the general intent of the testator, and was not applied where the first taker is referred to or treated as living at a period subsequent to the death of the testator: " Jessup v. Smuck, 16 Pa. 327. The provisions and terms of this will clearly indicate that the testator contemplated and provided for the death of his daughter without issue, at any period of her life, whenever that event might happen, as the time and event on which the property in controversy was to pass to other legatees.

The decree of the court below is affirmed.