## Throckmorton v. Thompson, Appellant.

*Wills—Construction of—Devise—Fee simple—Estates—Life estate—Rules of construction.*

When a devise is of a fee absolute in the first instance, and the gift is immediate, words of survivorship will be referred to the death of testator, and not to death generally, whenever it may happen.

The construction of a will will be in favor of the first rather than of

the second taker, of an absolute or vested estate, rather than of a defeasible or contingent one, of a general or primary intent, rather than of a particular or secondary one.

After directing that his personal property be sold for the payment of his debts and if that be insufficient for the purpose that his land be rented until his debts are paid, testator devised as follows: "then the land to be divided between my three children my son George to have the Loar farm that I now live on by keeping me while I live and pay my funeral expenses, and my two daughters Elizabeth S. and Louie to have the upper farm share and share alike, and if my daughter Louie dies without any living children her share to be paid back to all my grandchildren, Elizabeth's and George's children, share and share alike." *Held*, that the daughter Louie took an estate in fee in the land devised to her.

Argued April 15, 1907. Appeal, No. 170, April T., 1907, by J. V. Thompson, from judgment of C. P. Greene Co., Feb. T., 1906, No. 94, on case stated to determine the marketable title to real estate in suit of Louie Throckmorton and Charles Throckmorton v. J. V. Thompson. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Case stated to determine the marketable title to real estate. Before TAYLOR, J., specially presiding.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for plaintiff on the case stated.

*Error assigned* was in entering judgment for plaintiff on case stated.

*James J. Purman*, with him *Thomas S. Crago*, for appellant, cited: Taylor v. Taylor, 63 Pa. 481; Hoover v. Krick, 1 Walker, 117; Porter v. Bradley, 3 T. R. 143; Cameron v. Coy, 165 Pa. 290; Thompson's App., 100 Pa. 478; Woelpper's App., 126 Pa. 562.

*A. F. Silveus*, with him *John S. Carter* and *Charles S. Carter*, for appellee, cited: Eichelberger v. Barnitz, 9 Watts, 447; Stoner v. Wunderlich, 198 Pa. 158; Lawrence v. Lawrence, 105 Pa. 335; Nes v. Ramsay, 155 Pa. 628.

OPINION BY HENDERSON, J., October 7, 1907:

The question presented for determination grew out of that part of the will of David W. Frye, devising a portion of his

real estate to his daughter, Louie Throckmorton.    After direct-
ing that his personal property be sold for the payment of his
debts and if that be insufficient for the purpose that his land
be rented until his debts are paid, the testator devised as follows :
" then the land to be divided Between my three children my son
George to have the Loar farm that I now live on by keeping
me while I live and pay my funeral expenses, and my two
daughters Elisabeth S. and Louie to have the upper farm share
and share alike, and if my daughter Louie dies without any liv-
ing children her share to be paid back all my grandchildren,
Elisabeths and Georges children, share and share alike."    The
appellant contends that Mrs. Throckmorton took a life estate
only and that she could not, therefore, transfer a title to the
coal which she contracted to sell to the appellant.    The ques-
tion is, then, what is the nature of Mrs. Throckmorton's es-
tate ?    We find nothing in the will which excepts it from
the operation of the rule that when the devise is of a fee ab-
solute in the first instance and the gift is immediate, words of
survivorship will be referred to the death of the testator and
not to death generally whenever it may happen.    The construc-
tion of a will should be in favor of the first rather than of the
second taker, of an absolute or vested estate rather than of a
defeasible or contingent one, of a general or primary intent
rather than of a particular or secondary one.    Under the first
clause estates of the same character were given to the tes-
tator's two daughters.    There is nothing in the language
of the will to indicate that a less estate was intended to be
given to Louie than to Elizabeth.    The provision in case of
the death of the daughter, Louie, was apparently intended to
be substitutionary.    The contingency of Louie's death without
issue evidently occurred to the testator ; hence, the alternative
devise to the grandchildren.    The will was written by an illit-
erate person and its language should be interpreted in its com-
mon understanding.    The testator doubtless had no knowledge
of the nature of a limitation over, but it would readily occur to
him that a daughter who had no children at the time the will
was written might die before she came into possession of her
estate, in which case he would provide against a lapse.    This
view is in harmony with many authorities : Smith on Executory .
Interests, 662 ; Clayton v. Lowe, 5 Barn. and Ald. 636 ; Biddle's

Estate, 28 Pa. 62; Mickley's Appeal, 92 Pa. 514; McCormick v. McElligott, 127 Pa. 230; King v. Frick, 135 Pa. 575; Mitchell v. Railway Co., 165 Pa. 645; Jackson's Estate, 179 Pa. 77; Richards v. Bentz, 212 Pa. 93.   The first taker is entitled to the benefit of every implication and his estate will not be cut down unless the intention to do so clearly appears: Richards v. Bentz, supra.   The provision in the will for the payment of the decedent's debts does not postpone the vesting of the estate.   It sets aside the personal estate for the payment of the debts and provides for the contingency of a deficiency of personal assets, but such deficiency did not exist and the estates taken by the testator's children vested immediately.   Nor do we attach significance to the direction that in case of Louie's death without any living children her share be " paid back " to all the testator's grandchildren.   The subject of the devise was land which in the nature of things could not be " paid back."   These words were used, therefore, in the sense of "shall be given to " or " become the property of " the grandchildren.   The devise under consideration is not distinguishable from that in McCormick v. McElligott, supra, and King v. Frick, supra, in the former of which the testator devised and bequeathed the remainder of his estate to his daughter, Hannah.   In the next clause of his will he provided that should his daughter, Hannah, " die without child or children " his estate should be equally divided between his brothers and sisters.   In the latter the devise was to the testator's son with the further provision, " If my said son should die without children, grandchildren or wife living, then his portion of his estate under this will, and any increase thereof, I bequeath and devise as follows : " In each of these cases it was held that the contingency of the devisee's death had reference to death in the lifetime of the testator.   To the same effect is Hogg's Estate, 27 Pa. Superior Ct. 428.   In Stoner v. Wunderlich, 198 Pa. 158, relied upon by the appellant, the case turned on the interpretation given to the will by the court that it was not in the testator's contemplation that the first taker's death would occur prior to his own death.   The first limitation over was to the wife of the first taker for life and it was held to be clear that the testator contemplated a failure of issue before her death.   So also in Hoover v. Krick, 1 Walker, 117, where the devise was to the son and in case of his death without lawful

issue then to the son's wife for life, in which case the court held that a devise over of a life estate showed that the testator meant that the estate should go over on a failure of issue within a fixed period.    They are not controlling authorities, therefore, in the case under consideration and are not inconsistent with McCormick v. McElligott, King v. Frick, Hogg's Estate, Mitchell v. Railway Co. and Potts v. Kline, 174 Pa. 513.    We conclude that Louie Throckmorton took an absolute estate in fee in the land devised to her.

The judgment is, therefore, affirmed.