84  184
156  200

## Edwards *versus* Barnard.

Testator, after several other legacies and devises, gave to his nephew certain lands to hold to him, his heirs and assigns, and a subsequent clause of the will provided "that if any of the said legatees or devisees shall die before me, leaving children, the legacy or devise shall go to such children, and if any of them shall die after me without children, and without having bequeathed the legacy or devise given to him or her, the same shall go to his or her next of kin, who are at the same time lineal descendants of my father." *Held*, that the will gave the nephew an absolute estate in fee.

March 24th 1877. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ. SHARSWOOD, J., absent.

Error to the Common Pleas of *Delaware county :* Of January Term 1877, No. 156.

Amicable action of covenant by Enos P. Barnard against Milton Edwards, wherein a case was stated for the opinion of the court, of which the following are the substantial portions, in so far as they relate to the question involved in this case.

Jacob Painter died in November 1876, leaving a will, which contained, *inter aliâ*, the following clauses :—

"Item 2. I give to my nephew, Enos P. Barnard, son of my deceased sister Sarah, all the land lying southward of the land devised to my sister Ann, and west of the road leading from Lima to Sycamore Mills, to hold to him, his heirs and assigns. The lot of nine acres and fifty-six perches thereof, formerly of Benjamin P. Robinson, to be subject to the payment of thirty dollars annually for the maintenance and improvement of my burial lot in Cumberland Cemetery.

"Item 3. I give to my niece, Sidney P. Barnard, twenty thousand dollars, the same to be held in trust for her by a trustee to be named by her and approved by the court, the said trustee to pay her the interest thereon, semi-annually during her natural life. The said Sidney P. Barnard is to have the power of disposing by will of the said twenty thousand dollars, and in event of her not so disposing of the same, then I direct that the said sum shall be divided equally amongst her next of kin, who are at the same time lineal descendants of my father."

"Item 7. All the residue of my estate I give to my nephews and nieces, counting the said Harry B. Jones as one, and excluding the before-mentioned Sidney P. Barnard and Enos P. Barnard.

"Provided; That if any of the said legatees or devisees shall die before me, leaving children, the legacy or devise shall go to such children, and if any of them shall die after me, without children and without having bequeathed the legacy or devise given to him or her, the same shall go to his or her next of kin, who are at the same time lineal descendants of my father, except as to the residue,

[Edwards v. Barnard.]

the deceased one or ones' share of which shall in such case go to the surviving residuary legatees."

Various legacies were given and other devises were also made therein to other relatives of the testator.

By an agreement in writing under seal, Enos P. Barnard agreed to sell and convey to Milton Edwards, by good and sufficient title in fee clear of all encumbrances, all that part of the testator's lands devised to said Barnard, consisting of about 130 acres, excepting a lot of 9 acres and 56 perches charged with the annual payment of thirty dollars to. be applied to the cemetery lot, and it was submitted to the court to determine whether the devisee had such an estate in the land as would enable him to convey an indefeasible fee to said Edwards.

The court did not file an opinion, but entered judgment *pro forma* for the plaintiff Barnard, which was the error assigned.

*H. C. Howard*, for plaintiff in error.—Barnard has a fee subject to be defeated by his dying without children and without having devised the lands ; in which case the limitation over would take effect as an executory devise and be good unless the power of disposition here conferred is repugnant to any limitation over. There is, however, a broad distinction between an absolute power of disposition and a limited one, and when its power is limited, as here, to a simple right to dispose of the estate by will, which cannot take effect until the death of the first taker, there is nothing in the limitation over repugnant to the enjoyment of the estate by the first taker as fully as the testator intended, and the rule fails, and cannot be invoked to give Barnard an indefeasible title. There is no case in Pennsylvania which rules that a mere naked power of testamentary disposition is sufficient to destroy a limitation over which would be otherwise good as an executory devise where such devise was the manifest intent of the testator.

*Wm. M. Hayes*, for defendant in error.—The proviso in the 7th item has no reference to the second item. ʼ If the testator had not intended a fee simple to be vested in Enos he would not have used the language " to hold to him, his heirs and assigns," and had he proposed any limitation or proviso as to the devise to him he would have made it in the item itself. But even if the proviso does apply it does not take from Enos the fee, as the will gives him absolute control over the subject of the devise, power to will it without limiting him as to where he shall will it, and he has therefore an indefeasible estate : Reifsnyder v. Hunter, 7 Harris 41 ; Walker and Wife v. Vincent, Id. 369.

In the construction of wills, the law in doubtful cases leans in favor of an absolute rather than a defeasible estate; of a vested rather than a contingent one; of the primary rather

[Edwards *v.* Barnard.]

than the secondary intent; of the first rather than the second taker as the principal object of the testator's bounty, and of a distribution as nearly conformed to the general rules of inheritance as possible : Amelia Smith's Appeal, 11 Harris 9; Estate of Mary Biddle, 4 Casey 59; Naglee's Appeal, 9 Id. 89; McKee *v.* McKinley, Id. 92; Hitchcock *v.* Hitchcock, 11 Id. 393; Schoonmaker *v.* Stockton's Adm'rs, 1 Wright 461; Mütter's Estate, 2 Id. 314; Musselman's Estate, 3 Id. 469; Fulton *v.* Fulton, 2 Grant's Cases 28; Shutt *v.* Rambo, 7 P. F. Smith 149; Jackson *et al. v.* Coleman, 2 Johns. 391; 4 Kent Com. 270, 319; Jackson *v.* Bull, 10 Johns. 19; Jackson *ex dem.* Brewster *v.* Bull, Ibid.; Jackson *ex dem.* Livingston *v.* Robins, 15 Id. 169; Jackson *v.* Robins, 16 Id. 537; Allen *et ux. v.* White, 16 Ala. 181; 2 Redfield on Wills 277, sect. 33.

A devise of the estate generally or indefinitely, with a power of disposition over, carries a fee : 4 Kent Com. 319; 2 Redfield on Wills 277, sect. 33; Ide *v.* Ide, 5 Mass. 500.

The judgment of the Supreme Court was entered, March 30th 1877,

PER CURIAM.—The devise to Enos P. Barnard was expressly to him, his heirs and assigns. This clearly gave him full power over the estate in his lifetime. He could therefore sell and convey it at pleasure, there being no legal restriction upon his power. The proviso which it is supposed operates upon his estate in fact imposes no restrictions upon the power of alienation, but is simply an attempt on the part of the testator to provide for a contingency of dying without children, to enable Enos to devise the estate; a power which he would possess by the very nature of his absolute estate in fee. So in case he died without children, and without making a will; the testator gave the estate to his next of kin of the blood of the testator's father. This was merely an attempt to regulate the descent when cast. There was no devise over to any one, as the object of the testator's bounty, evincing a design to create an executory devise or a conditional fee. So far as the devise to Enos is involved, the proviso was simply a work of supererogation, the fee given to him being absolute and unrestricted, and no other person being intended to take in the event of his being childless. His power to alien in his lifetime was therefore not restricted either at law or by the will.

Judgment affirmed.