## Coles et al. *v.* Ayres, Appellant.

*Will—" Die without heirs" or issue—Fee.*

The words "die without issue," as the contingency upon which a new devisee is to take after a previous devise in fee, means die in the lifetime of the testator, and, if the *devisee survives, the estate he takes is absolute.

In a devise to children, and, if they should die without heirs, over to nephews and nieces, "heirs" means issue, for the devise over would have been included in the original devise if the word "heirs" had been meant in its proper sense.

*Will—Fee simple estate—Defeat of, by subsequent provision in will—Executory devise.*

A fee presumed by act of 1833, as well as a fee expressly given by will, can only be defeated by a subsequent provision which shows clearly that the testator intended not to give a fee, though he used language which, standing alone, would have been effective for that purpose.

Testator devised and bequeathed all the rest, residue and remainder of his property to his "children to be held in common by them, or to be equally divided between them." By a subsequent clause he directed as follows: "If both my children should die intestate and without lawful heirs I direct that all my estate given by this will to my children and intended for them if they should live shall at the death of the last child be divided into

equal parts, one part or moiety of which I give, devise and bequeath in fee simple to my nephews and nieces," etc. Testator had two children living at the date of the will and at his own decease. *Held,* that the language of the latter clause would be sufficient to sustain an executory devise, if such was the testator's intent; but such intent cannot be presumed, and, as it does not appear from the words, the children took a fee simple under the will.

Argued March 29, 1893. Appeal, No. 312, Jan. T., 1893, by defendant, Louis H. Ayres, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1892, No. 657, in favor of plaintiffs, Edward Coles et al., on cases stated. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit. Case stated to determine title under will.

From the case stated it appeared: That Edward Coles, the father of plaintiffs, died in 1868, having first made his will dated July 26, 1865, and a codicil thereto dated May 17, 1866, duly proved July 14, 1868, at Philadelphia, in and by which will and codicil he devised and bequeathed inter alia as follows: (Item 10 of will.) " All the rest, residue and remainder of my property, real and personal and mixed, either now owned or hereafter to be acquired by me, I give, devise and bequeath to my children, to be held in common by them or to be equally divided between them."

Item 11. " If both of my children should die intestate and without lawful heirs I direct that all my estate given by this will to my children and intended for them if they should live shall at the death of the last child be divided into equal parts, one part or moiety of which I give, devise and bequeath in fee simple to my nephews and nieces, etc., and to their heirs forever, and the other part or moiety, I give, devise and bequeath to John H. B. Latrobe, president of the before described colonization society and to his successor and successors in office in trust to be applied by the direction of the said society for the exclusive purpose of aiding in removing to Africa the colored population of the United States."

That plaintiffs were, at the date of the making of the will and at the time of testator's death, the only children of testator.

That on Dec. 7, 1892, plaintiffs entered into a contract in

writing under seal by which they agreed to sell to defendant the property in question, which formed part of the residuary estate by Edward Coles, deceased.

Judgment for plaintiffs on case stated for full amount of purchase money. Defendant appealed.

*Error assigned* was entry of judgment as above.

*G. Heide Norris,* for appellant, cited : Act of April 27, 1855, P. L. 368; Nicholson v. Bettle, 57 Pa. 384; Edwards v. Barnard, 84 Pa. 184; Karker's Ap., 60 Pa. 149; Berg v. Anderson, 72 Pa. 87; Hill v. Hill, 74 Pa. 173.

*Wm. Wynne Wister, Jr.,* for appellees, cited : Act of April 8, 1833, P. L. 249; Morrison v. Semple, 6 Bin. 94; Foster v. Stewart, 18 Pa. 23; Jauretche v. Proctor, 48 Pa. 466; Ommaney v. Bevan, 18 Ves. 291; Caldwell v. Skilton, 13 Pa. 152; Biddle's Est., 28 Pa. 59; Fahrney v. Holsinger, 65 Pa. 388; Stevenson v. Fox, 125 Pa. 568; Mickley's Ap., 92 Pa. 514; Nottingham v. Jennings, 1 P. Wms. 23; Doe v. Bluck, 6 Taunt. 485; Doebler's Ap., 64 Pa. 9; Act of April 27, 1855, P. L. 368; Ingersoll's Ap., 86 Pa. 240; Holmes v. Godson, 8 De G. M. & G. 153; Hughes v. Ellis, 20 Beav. 193; Gulliver v. Vaux, 8 De G. M. & G. 168; Jackson v. Robins, 16 Johnson, 537; Annin's Ex'rs v. Vandoren's Admr., 1 McC. Ch. 135; Karker's Ap., 60 Pa. 141.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1893:

The tenth item of the will passed a fee simple to testator's children, under the act of 1833, unless it appear that he intended to devise a less estate. The only question is whether such intention appears in item eleven. The language of the latter item would be sufficient to sustain an executory devise, if such was the testator's intent; but such an intent must appear from the words, it will not be presumed.

So far from appearing however, such intent is negatived by the language used. The expression "if both my children should die intestate" is a clear recognition of a fee simple to which the right of testamentary disposition is incident. The only other implication that could arise from it would be a power of testamentary appointment. But this implication is no

stronger than the other, and the fee simple which the statute creates can only be set aside by an actual intent which appears in the will superior to any other construction.

We have next the words, " and without lawful heirs," which clearly mean without issue, for the devise over is to the testator's nephews and nieces, who would be "lawful heirs " of his children, had he meant those words in their proper sense. But " die without issue " as the contingency on which a new devisee is to take after a previous devise in fee, means die in the lifetime of the testator, and if the devisee survive, the estate he takes is absobute : Mickley's Appeal, 92 Pa. 514; Stevenson v. Fox, 125 Pa. 568; King v. Frick, 135 Pa. 575. And that this was the actual intent in the present case appears conclusively from the words with which the devise over are introduced, "if etc. . . . I direct that all my estate given by this will to my children, and intended for them *if they should live,* shall," etc. If they should live till when ? Certainly till the will becomes operative by the death of the testator. No other period can reasonably be assigned, as that which the testator had in contemplation.

This construction is in entire harmony with such of our cases as are closely analogous, especially Karker's Appeal, 60 Pa. 141, and Edwards v. Barnard, 84 Pa. 184. These two cases would govern the present absolutely but for the fact that in both of them the will gave a fee expressly, and the decision therefore was complicated partly with the rule that repugnant conditions subsequent cannot be attached to a fee. But on the main questions raised, there is no difference between a fee expressly given and a fee presumed by the statute. The latter as well as the former can only be defeated by a subsequent provision which shows clearly that the testator intended not to give a fee, though he used language which, standing alone, would have been effective for that purpose. No such intent can be fairly gathered from the present will, and therefore the fee given by item ten is unaffected by the subsequent clause.

Judgment affirmed.