## Corrin *v.* Elliott, Appellant.

*Will—Devise—Failure of issue—Rule in Shelley's case.*

Testator by his will directed as follows: "I give to my daughter M. lot No. 222, being the lot fronting on Liberty street and on which the new house is built; but, in the event of said M. dying without heirs, then the said lot is to vest in my daughter S. and her heirs." *Held,* (1) that the will contemplated an indefinite failure of issue; (2) that M. took an estate tail which by the Act of April 27, 1855, P. L. 368, was converted into an estate in fee simple.

Argued May 20, 1903. Appeal, No. 44, April T., 1903, by defendant, from judgment of C. P. Venango Co., Aug. T., 1901, No. 84, on verdict for plaintiff, in case of W. H. Corrin *v.* Clara E. Elliott. Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Ejectment for one fourth of a tract of land in Franklin. Before CRISSWELL, J.

The facts appear by the opinion of the Superior Court.

Verdict for plaintiff subject to question of law reserved.

The court entered judgment on the verdict.

*Error assigned* was entry of judgment on verdict.

*Robert F. Glenn,* for appellant, cited: Jessup v. Smuck, 16 Pa. 327; Stoner v. Wunderlich, 198 Pa. 158; Taylor v. Taylor, 63 Pa. 481; Hill v. Hill, 74 Pa. 173.

*A. R. Osmer,* with him *J. H. Osmer, N. F. Osmer* and *J. R. Robertson,* for appellee, cited: Mitchell v. Pittsburg, etc., Ry. Co., 165 Pa. 645; Galbraith v. Swisher, 19 Pa. Superior Ct. 143; Mickley's Appeal, 92 Pa. 514; Fitzwater's Appeal, 94 Pa. 141; Stevenson v. Fox, 125 Pa. 568; King v. Frick, 135 Pa. 575; Morrison v. Truby, 145 Pa. 540; Stouch v. Zeigler, 196 Pa. 489; Coles v. Ayres, 156 Pa. 197; McFarland's App., 37 Pa. 300; Ryon's App., 124 Pa. 528.

OPINION BY BEAVER, J., October 5, 1903:

The question involved herein is the interpretation of the fol-

lowing item of the will of Cyrus Gildersleeve, the grandfather of the plaintiff and the father of the grantor of the defendant: "Item. I give to my daughter Melissa H. Gildersleeve lot No. 222, being the lot fronting on Liberty Street and on which the new house is built; but, in the event of said Melissa dying without heirs, then the said lot is to vest in my daughter Sarah Ann Warner and her heirs." Melissa dying intestate, unmarried and without issue, Sarah Ann Warner, assuming that the title to the lot above described vested in her, undertook to convey it to the defendant. The plaintiff claims the undivided one fourth of said lot by virtue of his being a nephew of Melissa and by sundry conveyances from other collateral heirs.

Upon the trial the jury rendered a verdict, finding " for the plaintiff for the land described in the writ, subject to the following question of law reserved by the court, namely: If the court shall be of the opinion that, by the terms of the last will and testament of Cyrus Gildersleeve, late of the city of Franklin, deceased, which will has been offered in evidence, an estate in fee simple vested in Melissa Gildersleeve, which has in part descended to and become vested in the plaintiff herein, then judgment to be entered on the verdict; otherwise judgment to be entered in favor of the defendant, non obstante veredicto." The court, upon consideration of the reserved question, entered judgment for the plaintiff. The appellant, in her paper-book, says : " It is conceded, that, if Melissa took an estate in fee simple, by the will of her father, in the land in question, the plaintiff is entitled to recover the undivided one fourth part thereof in this action for which the judgment was entered."

The action of the court in entering judgment upon the reserved question is practically the only one for consideration, inasmuch as it disposes of the single question involved,—What estate vested in Melissa H. Gildersleeve under the will of her father, as herein set forth? This question is to be determined by following the cardinal rule of testamentary construction which is, " That the plain intent of the testator, as evinced by the language of his will, must prevail, if that intent may be carried into effect, without violating some deeper principle of public policy." It is clear that, under the ninth section of the Act of April 8, 1833, P. L. 249, the language, "I give to my

daughter," etc., would "pass the whole estate of the testator in the premises devised, although there are no words of inheritance or of perpetuity," unless that estate be limited by what follows. It is conceded by the appellant that the word "heirs," as applied to the testator's daughter, Melissa, is used in its popular rather than in its technical legal sense, and that it means issue or children; otherwise it is without significance, for the daughter, Mrs. Warner, in whom the estate devised to Melissa is to vest in the contingency named, would be one of her heirs. The intention of the testator, therefore, evidently was that his daughter Melissa should take an estate in fee in the lot devised to her which, in the event of a failure of issue, should vest in his daughter, Mrs. Warner.

The real question, therefore, is narrowed down to this: Was this failure of issue, as it is to be gathered from the language of the will itself, definite or indefinite? "When the precise time for the failure of issue is fixed by the will, as in the case of a devise to Peter, but, if he dies without issue living at the time of his death, then to another, this is a failure of issue definite. An indefinite failure of issue is a general failure whenever it may happen, without fixing any time or a certain and definite period within which it must happen:" 4 Kent, 275. Is there a definite time fixed by the testator within which the failure of issue must happen or is there any language used by him which, by a fair construction, can determine such a definite period? Was the failure to take place at the death of the testator, or, in case of the testator's death and subsequent issue of his daughter Melissa, would the terms of the will have been complied with, even if such issue had died before the death of Melissa? Or, as the court below points out, if, subsequent to the death of the testator, Melissa had died, without issue living at the time of her death but leaving a grandchild, the issue of a child born to her after the testator's death, would not the conditions of the will have been complied with and the estate vested in such grandchild? Whilst it is true that "courts are astute to devise some construction which shall restrain the failure of issue to the term of limitation allowed," we can discover no way, by a construction of the language of the will under consideration, to fix a definite period within which the failure of issue must take place. It therefore follows that the failure of issue con-

templated by the testator was indefinite. This being so, the doctrine of Eichelberger v. Barnitz, 9 Watts, 447, many times followed and commented upon since, expressly recognized in Stoner v. Wunderlich, 198 Pa. 158, is applicable. Mr. Justice SERGEANT, in that case, says: " The principle has now become a settled rule of property, in relation to lands, that if a devise be made to one in fee, and if he die without issue, or on failure of issue, or for want of issue, or without leaving issue, then over to another in fee, the estate of the first taker is a fee tail, which if he have issue, passes to them ad infinitum by descent as tenants in tail. The estate vests in the first taker fully, and to all intents and purposes, as a fee tail, and any devise over after the failure of such, must of course be after an indefinite failure of issue, and bad as an executory devise. It is good as a vested remainder, subject to be barred by a fine or recovery, or deed executed by the tenant in tail, under the act of assembly." Inasmuch, however, as, by the subsequent act of April 27, 1855, P. L. 368, it was enacted that " Whenever hereafter, by any gift, conveyance or devise, an estate in fee tail would be created according to the existing laws of this state, it shall be taken and construed to be an estate in fee simple and as such shall be inheritable and freely alienable," the estate which vested in Melissa H. Gildersleeve, under the will of her father, was an estate in fee, and, as such, was inheritable and freely alienable by her legal heirs, of whom the plaintiff was one, and who, by such inheritance and by alienation from others of the heirs, became entitled to and possessed of such a proportion of the estate as was involved in the ejectment tried in the court below.

It follows from what has been said—at greater length perhaps than necessary, because the opinion of the court below is satisfactory and convincing—that the entry of judgment upon the questions reserved was without error. Judgment affirmed.