# Hogg's Estate.

*Will—Decree—Fee simple—Defeasible estate—Death without an heir.*

A fee presumed by the Act of April 8, 1833, P. L. 249, as well as a fee expressly given by will, can only be defeated by a subsequent provision which shows clearly that the testator intended not to give a fee, though he used language which standing alone would have been effective for that purpose.

Where the gift is immediate and there is nothing to indicate an adverse intent, additional limitations over dependent on no other contingency than is implied from the language "if he (the first taker) die without an heir," "or without issue," or "without children," or the like, must be construed as referring to that event occurring in the lifetime of the testator; and if the first taker survives the testator the estate which vests in him or her is indefeasible.

Where a testatrix gives an interest in land to her daughter, and "in case of the death" of the daughter, "without an heir," then over, the daughter surviving her mother takes an absolute estate in fee simple.

Argued Nov. 16, 1904.  Appeal, No. 204, Oct. T., 1904, by Edna E. Hogg, from decree of O. C. Lancaster Co., March T.,

1902, No. 4, dismissing exceptions to adjudication in Estate of Robert and Rachel J. Hogg, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Exception to adjudication.

From the record it appeared that Robert Hogg, one of the decedents, died testate, on or about November 29, 1886. By the terms of his will he devised one third of his real estate to his son, William H. Hogg, one-third thereof to his granddaughter, Edna E. Hogg, the appellant, and one third to his widow, Rachel J. Hogg, since deceased, with power to dispose of her share by will.

The real estate of the said Robert Hogg consisted of a farm of about 188 acres of land, with buildings, etc., thereon, situated in Colerain township, Lancaster county.

Rachel J. Hogg, the widow, died testate, on or about April 6, 1899, and disposed of her third interest in the said farm by the following clause in her will :

"The one-third of this farm is mine to dispose of as I see best.

"I, Rachel J. Hogg, bequeath to my son, William H. Hogg, the one-half interest in the farm I live on.

"I, also, bequeath to Edna E. Hogg, the one-half of my interest in the farm I live on.

"In case of the death of Edna E. Hogg, without an heir, the one-half interest of Rachel J. Hogg, interest in farm, bequeath to Edna E. Hogg, goes to R. treat Hogg, and Maggie Keech."

Proceedings in partition in the estates of Robert and Rachel J. Hogg were instituted on December 4, 1902, under which proceedings Simeon W. Swisher was finally appointed a trustee to sell, by the court, and sold the farm on August 21, 1903, for the sum of $6,662.90, which sale was finally confirmed by the court.

The court in distributing the fund held that Edna E. Hogg took a life estate only.

Exceptions to the adjudication were dismissed by the court.

*Errors assigned* were in dismissing exceptions to adjudication.

*B. F. Davis*, for appellant.—Testatrix meant when she used the words "in case of the death of Edna E. Hogg without an heir" (child) means the death of the legatee or devisee before the death of the testatrix: Galbraith v. Swisher, 19 Pa. Superior Ct. 143 ; Shutt v. Rambo, 57 Pa. 149 ; Stevenson v. Fox, 125 Pa. 568; King v. Frick, 135 Pa. 575; Coles v. Ayres, 156 Pa. 197; Morrisson v. Truby, 145 Pa. 540 ; Flick v. Oil Co., 188 Pa. 317 ; Hackney v. Tracy, 137 Pa. 53 ; Grimes v. Shirk, 169 Pa. 74 ; Fahrney v. Holsinger, 65 Pa. 388.

There cannot be a fee in possession and a fee in remainder : Fahrney v. Holsinger, 65 Pa. 388.

*B. Frank Kready*, with him *W. U. Hensel*, for appellee, cited : Eichelberger v. Barnitz, 9 Watts, 447 ; Seibert v. Butz, 9 Watts, 490; Hill v. Hill, 74 Pa. 1, ' Ingersoll's App., 86 Pa. 240 ; Snyder's App., 95 Pa. 174: Miller's Estate, 145 Pa. 561; Gerhard's Estate, 160 Pa. 253 ; Stoner v. Wunderlich, 198 Pa. 158.

OPINION BY PORTER, J., March 14, 1905 :

This appeal is from a decree of the court below distributing the fund realized from a sale under proceedings in partition. The question to be determined is whether Edna E. Hogg took an estate in fee simple or a defeasible fee in the land, under the devise by her grandmother.   The primary devise to the appellant passed an estate in fee simple, under the act of 1833, unless it appear from the other provisions of the will that the testator intended to devise a less estate.   The only question is whether such intention appears in the item which follows : " In case of the death of Edna E. Hogg, without an heir, the one-half interest of Rachael J. Hogg, interest in farm, bequeathed to Edna E. Hogg, goes to R. Treat Hogg and Maggie Keech."   This language would be sufficient to sustain an executory devise, if such was the testator's intent, but such an intent must appear from the words ; it will not be presumed. " A fee presumed by the act of 1833, as well as a fee expressly given by will, can only be defeated by a subsequent provision which shows clearly that the testator intended not to give a fee, though he used language which standing alone would have been effective for that purpose : " Coles v. Ayres, 156 Pa. 197.

There is nothing in the will outside of the item above quoted to indicate the actual intention of the testator when she made the devise over, " in case of the death of Edna E. Hogg, without an heir." The testator evidently did not intend to use the word " heir " in the general and technical sense, because the devise over is to other relatives of the testator, and certainly as long as they were living the granddaughter of the testator could not die without heirs. If the word " heir " had been used in its general and technical sense, and, " if the devise over were to a stranger it would have been void, for as a remainder it would have been a fee mounted upon a fee, and as' an executory devise bad because contrary to the rule against perpetuities : " Fahrney v. Holsinger, 65 Pa. 388. The " heir" then must be restricted to heir of the body, issue or children. There is nothing to confine it to children, so that if Edna should die without children, but leaving grandchildren or remote descendants, they should be cut off. It must therefore mean heirs of the body or issue.

There is no necessity in this case for inquiring whether the testator intended by the devise over to provide for an indefinite or a definite failure of the issue of Edna ; the same result must be reached in either case. If it was her intention to provide for an indefinite failure of issue, the consequence was to reduce Edna's estate in fee devised by the will to an estate tail, enlarged by the Act of April 27, 1855, P. L. 368, into a fee simple : Hill v. Hill, 74 Pa. 173 ; Hoff's Estate, 147 Pa. 636 ; Hackney v. Tracy, 137 Pa. 53 ; Corrin v. Elliott, 23 Pa. Superior Ct. 449.

Should it be held that the devise over was intended to provide for a definite failure of issue, then under the provisions of this will that devise was manifestly substitutionary in its character, and was not intended to operate by way of limitation. The devise then is, in the first instance, to Edna, and in the event of her dying without issue over to alternative beneficiaries. Dying without issue was thus made the contingency upon which the substituted beneficiaries could take. But death when ? We seek in vain in this will for anything to indicate an intent adverse to the construction which the law puts upon such a devise, standing alone. Where the gift is immediate and there is nothing to indicate an adverse intent,

additional limitations over dependent on no other contingency than is implied from the language "if he (the first taker) die without an heir," "or without issue," or "without children," or the like, must be construed as referring to that event occurring in the lifetime of the testator; and if the first taker survives the testator the estate which vests in him or her is indefeasible: Caldwell v. Skilton, 13 Pa. 152; Jessup v. Smuck, 16 Pa. 327; Shutt v. Rambo, 57 Pa. 149; Fahrney v. Holsinger, 65 Pa. 388; Mickley's Appeal, 92 Pa. 514; Stevenson v. Fox, 125 Pa. 568; King v. Frick, 135 Pa. 575; Morrison v. Truby, 145 Pa. 540; Coles v. Ayres, 156 Pa. 197; Mitchell v. Railway Co., 165 Pa. 645; Grimes v. Shirk, 169 Pa. 74; Ralston v. Truesdell, 178 Pa. 429; Flick v. Oil Co., 188 Pa. 317; Stoner v. Wunderlich, 198 Pa. 158. Edna E. Hogg, having survived the testator, was vested with an absolute estate in the land, and is entitled to receive the proceeds of its sale.

The learned court below charged against the share of the appellant certain costs in a former proceeding in partition. The appellant now expresses a willingness to pay all of those costs except $31.40, the amount of costs incurred upon an inquest, which was set aside for irregularities in the manner in which it had been executed. The notes of trial do not indicate that any record was offered in evidence which would have warranted the charging of these costs against the share of the appellant. The notes of the audit, as certified by the learned judge of the court below, indicate that a claim was made and objected to, but they do not show that the record was offered in evidence. The costs objected to, amounting to $31.40, ought not, upon the case as presented, to have been charged against the share of this appellant.

The decree is reversed and the record remitted to the court below, with direction to make distribution in accordance with this opinion.